SARAH E. ROSS, Bar No. 252206
sross@littler.com
JAMAR D. DAVIS, Bar No. 340949
jddavis@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California  90067.3107
Telephone:  310.553.0308
Fax No.:    310.553.5583

Attorneys for Defendants
CLAIRE'S STORES, INC.
CLAIRE'S BOUTIQUES, INC.

Mika Hilaire, Esq. (SBN: 212263)
EQUAL RIGHTS LAW GROUP
15233 Ventura Boulevard, Suite 420
Sherman Oaks, California 91403
Telephone and Fax: (818) 305-6297
mika@equalrightslawgroup.com

Attorneys for Plaintiff, JULIA RIMES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RIMES, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLAIRE'S STORES, INC., a Delaware Corporation, CLAIRE'S BOUTIQUES, INC., a Michigan Corporation, and DOES 1 through 25, inclusive,<br><br>　　　　Defendants. | Case No. 2:22-cv-01488-SVW-JEM<br><br>**[PROPOSED] PROTECTIVE ORDER FOR PRODUCTION OF CONFIDENTIAL INFORMATION**<br><br>ASSIGNED TO HONORABLE JUDGE JOHN E. MCDERMOTT FOR DISCOVERY MATTERS<br><br>**[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE JOHN E. MCDERMOTT]**<br><br>Trial date:  September 20, 2022<br>Pretrial Conference: September 12, 2022<br>Discovery Cutoff: None Set<br>Complaint Filed: February 1, 2022 |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

1

PROTECTIVE ORDER

# PROTECTIVE ORDER

Pursuant to Honorable Magistrate Judge John E. McDermott's May 5, 2022 Order (Docket #24), Plaintiff Julia Rimes ("Plaintiff") and Defendants Claire's Stores, Inc. and Claire's Boutiques, Inc. ("Defendants"), by and though their counsel of record, hereby AGREE and STIPULATE as follows:

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. GOOD CAUSE STATEMENT

Plaintiff's allegations may require disclosure of Defendants' confidential, proprietary, or private information and/or Plaintiff's private and/or confidential medical information, including but not limited to, prescription records and orders, medical records and history, billing and accounting records, treatment plans, insurance information, medial ailments, genetic information, recommendations for referral medical providers, and other private and confidential information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and private information is otherwise generally unavailable to the public and/or is privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Disclosure of the foregoing confidential information to the public without proper protection will result in a serious violation of Defendants' and/or Plaintiff's privacy interests and may lead to the misuse of such information. Accordingly, to expedite the

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2                                                    PROTECTIVE ORDER

1  flow of information, to facilitate the prompt resolution of disputes over confidentiality
2  of discovery materials, to adequately protect information the parties are entitled to keep
3  confidential, to ensure that the parties are permitted reasonable and necessary uses of
4  such material in preparation for and in the conduct of trial, to address their handling at
5  the end of the litigation, and serve the ends of justice, a protective order for such
6  information is justified in this matter. It is the intent of the parties that information will
7  not be designated as confidential for tactical reasons and that nothing be so designated
8  without a good faith belief that it has been maintained in a confidential, non-public
9  manner, and there is good cause why it should not be part of the public record of this
10 case.

11  3.     ACKNOWLEDGEMENT OF UNDER SEAL FILING PROCEDURE

12         The parties further acknowledge, as set forth in Section 13.3, below, that this
13  Stipulated Protective Order does not entitle them to file confidential information under
14  seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards
15  that will be applied when a party seeks permission from the court to file material under
16  seal. There is a strong presumption that the public has a right of access to judicial
17  proceedings and records in civil cases. In connection with non-dispositive motions,
18  good cause must be shown to support a filing under seal, and a specific showing of good
19  cause with proper evidentiary support and legal justification, must be made with respect
20  to Protected Material that a party seeks to file under seal. *See Kamakana v. City and*
21  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors*
22  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*,
23  187 F.R.D. 576, 577 (E.D. Wis. 1999) (finding even stipulated protective orders require
24  a showing of good cause). The parties' mere designation of Disclosure or Discovery
25  Material as CONFIDENTIAL does not—without the submission of competent evidence
26  by declaration, establishing that the material sought to be filed under seal qualifies as
27  confidential, privileged, or otherwise protectable—constitute good cause.
28         Further, if a party requests sealing related to a dispositive motion or trial, then

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3                                                    PROTECTIVE ORDER

compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4. DEFINITIONS

    4.1 **Action**: *Julia Rimes v. Claire's Stores Inc. et al.*, Case No. 2:22-cv-01488-SVW-JEM.

    4.2 **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

    4.3 **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    4.4 **Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

    4.5 **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4      PROTECTIVE ORDER

4.6     **Disclosure or Discovery Material**:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.7     **Expert**:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8     **Plaintiff's Medical Information**:  all information that is provided from a health care provider that contains, including without limitation, prescription records and orders, medical records and history, billing and accounting records, treatment plans, insurance information, medial ailments, genetic information, and recommendations for referral medical providers.  Unless otherwise designated as "Confidential," Plaintiff's Medical Information does not include information provided by Defendants regarding Plaintiff Julia Rimes.

4.9     **House Counsel**:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10    **Non-Party**:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.11    **Outside Counsel of Record**:  attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.12    **Party**:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.13    **Producing Party**:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15 **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.16 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

5. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial.

6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.2 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7   PROTECTIVE ORDER

7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.

7.3 Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

7.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8   PROTECTIVE ORDER

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9     PROTECTIVE ORDER

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10   PROTECTIVE ORDER

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment an Agreement to Be Bound"

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11                    PROTECTIVE ORDER

attached hereto as Exhibit A.

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. <u>MISCELLANEOUS</u>

13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12

PROTECTIVE ORDER

14. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

15. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

13    PROTECTIVE ORDER

| | | |
|---|---|---|
| Dated: | June 1, 2022 | LITTLER MENDELSON, P.C. |

/s/ Sarah E. Ross
SARAH E. ROSS
JAMAR D. DAVIS

Attorneys for Defendant
CLAIRE'S STORES, INC.

Dated:   June 1, 2022                           EQUAL RIGHTS LAW GROUP

/s/ Mika Hilaire
MIKA HILAIRE

Attorneys for Plaintiff
JULIA RIMES

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filings' content and have authorized the filing.

Dated:   June 1, 2022                           LITTLER MENDELSON, P.C.

/s/ Sarah E. Ross
SARAH E. ROSS
JAMAR D. DAVIS

Attorneys for Defendant
CLAIRE'S STORES, INC.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

14                                                    PROTECTIVE ORDER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 6/2/22

*/s/ John E. McDermott*

HONORABLE JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Protected Material supplied in connection with the Action: *Julia Rimes v. Claire's Stores Inc. et al.*, Case No. 2:22-cv-01488-SVW-JEM.  I understand that said Protected Material is provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this Action.  I have been given a copy of the Stipulated Protective Order; I have read it; and, I agree to be bound by its terms.  I understand that Protected Material as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be disclosed to anyone, except as expressly permitted by the Stipulated Protective Order.  I will not copy or use, except solely for the purposes of this Action, any Protected Material obtained pursuant to the Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Action.  I further understand that I am to retain all copies of all Protected Material provided to me in a secure manner, and that all copies of such Protected Material are to remain in my personal custody and control until termination of my participation in this Action, whereupon the copies of such Materials will be returned to counsel who provided me with such Material.

Dated: _____

_____
Signature

_____
Print Name

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

16                                                PROTECTIVE ORDER

4889-8261-2002.5 / 112144-1001

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

17

PROTECTIVE ORDER